UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW HOUSING COMMISSION
and DOES 1–300,

        Plaintiffs,

v.

        Case Number 08-12148-BC
        Honorable Thomas L. Ludington

BANNUM INCORPORATED,

        Defendant.
_____ /

## ORDER GRANTING IN PART MOTION TO EXTEND DISCOVERY

Plaintiff Saginaw Housing Commission's May 7, 2008 complaint, filed in Saginaw County Circuit Court, alleged that a halfway house under development by Defendant Bannum Incorporated would violate the City of Saginaw's zoning ordinances and sought injunctive relief. The complaint was removed to this Court by Defendant on May 16, 2008, based on the diversity of the parties. A related case filed by the Saginaw School District (Case No. 08-12154) was also removed. In the School District case, the City of Saginaw was joined as a Defendant, defeating diversity jurisdiction, and the case was remanded to Saginaw County Circuit Court. In the Saginaw Housing Commission case, the Court dismissed the complaint, concluding that it was appropriate to abstain from adjudicating the matter pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The Court noted that the Housing Commission case turned primarily on the issue of state land use law, and federal review of the question "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Saginaw Hous. Comm'n v. Bannum Inc.*, No. 08-12148, Dkt. # 23, at 15 (July 24, 2008) (quoting *MacDonald v. Vill. of Northport, Mich.*, 164 F.3d 964, 967 (1999).

Defendant Bannum appealed both decisions. *See Saginaw Hous. Comm'n v. Bannum Inc.*, 576 F.3d 620 (2009). The Sixth Circuit Court of appeals dismissed Bannum's appeal in the School District case, concluding this Court's decision to remand the case for lack of subject matter jurisdiction was not reviewable. The court reversed and remanded the Housing Commission case, concluding that *Burford* abstention was not appropriate in this circumstance. The court concluded that the relevant state policy was the Michigan Township Zoning Act, Mich. Comp. Laws §§ 125.271–.310, and that policy was not at risk of disruption by this Court's adjudication of a dispute over a local zoning ordinance enacted pursuant to municipal authority granted by the act. *Saginaw Hous. Comm'n*, 576 F.3d at 627. Accordingly, the Housing Commission case was reopened [Dkt. # 38], and a case management and scheduling order was entered on November 9, 2009 [Dkt. # 39].

Pursuant to the scheduling order, discovery ended on March 12, 2010. On March 11, 2010, Defendant filed a motion to extend discovery by ninety days [Dkt. # 40]. The motion states that Plaintiff has been uncooperative throughout the discovery process, and that as a result, Defendant has been unable to obtain the discovery it needs to effectively resolve this matter. Despite the Defendant's contention that Plaintiff has ignored its discovery requests, a motion to compel has not been filed. Discovery will be extended through the dispositive motion cutoff date to provide additional time to conduct depositions, and, if necessary, move to compel Plaintiff's answers to Defendant's interrogatories. Further extensions, which would require amendments to the other dates in the scheduling order, will not be granted unless the party seeking the extension can show good cause for the delay.

Accordingly, it is **ORDERED** that Defendant's motion to extend discovery [Dkt. # 40] is **GRANTED IN PART**. The new discovery cutoff date will be **April 9, 2010**. All other dates will remain unchanged.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 16, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS