UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW HOUSING COMMISSION
and DOES 1–300,

        Plaintiffs,

v.

        Case Number 08-12148-BC
        Honorable Thomas L. Ludington

BANNUM INCORPORATED,

        Defendant.
_____/

## **ORDER GRANTING MOTION TO COMPEL AND EXTEND DISCOVERY**

Plaintiff Saginaw Housing Commission's May 7, 2008 complaint, filed in Saginaw County Circuit Court, alleged that a halfway house under development by Defendant Bannum Incorporated would violate the City of Saginaw's zoning ordinances and sought injunctive relief. The complaint was removed to this Court by Defendant on May 16, 2008, based on the diversity of the parties. A related case filed by the Saginaw School District (Case No. 08-12154) was also removed. In the School District case, the City of Saginaw was joined as a Defendant, defeating diversity jurisdiction, and the case was remanded to Saginaw County Circuit Court. In the Saginaw Housing Commission case, the Court dismissed the complaint, concluding that it was appropriate to abstain from adjudicating the matter pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The Court noted that the Housing Commission case turned primarily on the issue of state land use law, and federal review of the question "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Saginaw Hous. Comm'n v. Bannum Inc.*, No. 08-12148, Dkt. # 23, at 15 (July 24, 2008) (quoting *MacDonald v. Vill. of Northport, Mich.*, 164 F.3d 964, 967 (1999)).

Defendant Bannum appealed both decisions. *See Saginaw Hous. Comm'n v. Bannum Inc.*, 576 F.3d 620 (2009). The Sixth Circuit Court of appeals dismissed Bannum's appeal in the School District case, concluding this Court's decision to remand the case for lack of subject matter jurisdiction was not reviewable. The court reversed and remanded the Housing Commission case, concluding that *Burford* abstention was not appropriate in this circumstance. The court concluded that the relevant state policy was the Michigan Township Zoning Act, Mich. Comp. Laws §§ 125.271–.310, and that policy was not at risk of disruption by this Court's adjudication of a dispute over a local zoning ordinance enacted pursuant to municipal authority granted by the act. *Saginaw Hous. Comm'n*, 576 F.3d at 627. Accordingly, the Housing Commission case was reopened [Dkt. # 38], and a case management and scheduling order was entered on November 9, 2009 [Dkt. # 39].

On March 16, 2010, the Court entered an order [Dkt. # 41] extending discovery through April 9, 2010 at Defendant's request. The order indicated that further extensions would only be granted if the moving party could show good cause for the delay. On April 2, 2010, Defendant filed a second motion to extend discovery and to compel Plaintiff to comply with its discovery requests [Dkt. # 41]. The motion indicates that the discovery delays were caused by Plaintiff's refusal to respond to Defendant's discovery requests or provide relevant information about the location of necessary witnesses. The motion asks the Court to compel responses to Defendant's requests and further extend the scheduled dates. Plaintiff did not respond to the motion.

Because the requested discovery is necessary to the resolution of this case, the motion to compel will be granted. The motion to extend will also be granted to permit the parties addition time to complete discovery.

Accordingly, it is **ORDERED** that Defendant's motion to compel and extend the scheduling

order [Dkt. # 42] is **GRANTED**. The scheduling order is amended as follows:

- Discovery cutoff: **June 11, 2010**

- Pretrial disclosures exchanged: **September 10, 2010**

- Motions challenging experts and dispositive motions due: **July 9, 2010**

- Motions in limine due: **October 1, 2010**

- Final pretrial order and jury instructions due: **October 29, 2010**

- Final pretrial conference: **November 10, 2010 at 2:30 p.m.**

- Trial date: **Tuesday November 30, 2010 at 8:30 a.m.**

It is further **ORDERED** that Plaintiff is **DIRECTED** to provide its initial disclosures, respond to interrogatories and requests for production, and provide the last known address of Duane Walker to Defendant on or before the close of business on **April 26, 2010**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to produce Peter Chitekwa for deposition at a time agreed to by the parties and before the close of discovery.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 22, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS